Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
DAVID LIN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| DAVID LIN, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES, LP, <br><br> Defendant. | **Case No.:** 2:19-cv-746 <br><br> **PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, DAVID LIN ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

1

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Reseda, Los Angeles County, State of California.

7. Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the RFDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone

and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly originating from a Citibank account.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around August 2018, Defendant began calling Plaintiff's work telephone at 213-255-7770 in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from several numbers, including 800-652-7681 and 909-257-0489, which are two of Defendant's telephone numbers.

23. On or about August 20, 2018, Plaintiff answered one of Defendant's collection calls.

24. During the above-referenced collection call:

   a. Plaintiff told Defendant's male collector to stop calling him on his work telephone number; and

   b. Defendant's collector replied that he would continue to call Plaintiff no matter what and hung up.

25. Moments later, Defendant's same male collector called Plaintiff on his work telephone number and yelled at Plaintiff again that he would harass Plaintiff all that he wanted to because Plaintiff allegedly owes $2,103 to Citibank, but Defendant would accept $810 if paid immediately.

26. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692c(a)(1) of the FDCPA by calling Plaintiff at time or place known or which should be known to be inconvenient to the consumer when Defendant called Plaintiff at work and even continued to do so after being told not to;

   b. Defendant violated § 1692c(a)(3) of the FDCPA by calling Plaintiff at the her place of employment if the debt collector knows or has reason to know

5

that the consumer's employer prohibits the consumer from receiving such communication when Defendant called Plaintiff at work and even continued to do so after being told not to;

a. Defendant further violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant's collector yelled at Plaintiff that he would harass him, ignored Plaintiff's request that Defendant stop calling him, and attempted to coerce Plaintiff into payment of the alleged debt;

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant's collector yelled at Plaintiff that he would harass him, ignored Plaintiff's request that Defendant stop calling him, and attempted to coerce Plaintiff into payment of the alleged debt;

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

    d. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

    e. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector yelled at Plaintiff, demanded that Plaintiff make a payment immediately, and continued to call Plaintiff at work despite being told not to; and

    f. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein.

WHEREFORE, Plaintiff, DAVID LIN, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

33. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

34. Plaintiff repeats and re-alleges paragraphs 1-29 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called when Defendant's collector yelled at Plaintiff that he would harass him and ignored Plaintiff's request that Defendant stop calling him;

   b. Defendant violated the § 1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances when Defendant's collector yelled at Plaintiff that he would harass him and ignored Plaintiff's request that Defendant stop calling him; and

   c. Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, DAVID LIN, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

8

36. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

37. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

38. Any other relief that this Honorable Court deems appropriate.

    a. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    b. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,
DATED: January 31, 2019    AGRUSS LAW FIRM, LLC

By /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
DAVID LIN

9